**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JESSICA MARIA SKRINE

Plaintiff,

v.

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, WILLIAM PAYNE, JR., PHILLIP WALKER, and BRIAN CALLOWAY,

Defendants.

**COMPLAINT**
(Jury trial demanded)

Plaintiff ("Skrine"), by her undersigned counsel Jacqueline McMickens & Associates, PLLC, for her Complaint against Defendants the City of New York ("the City"), New York City Department of Corrections ("Correction Department") William Payne, Jr ("Payne"), Phillip Walker ("Walker"), and Brian Calloway ("Calloway"), (collectively "Defendants") alleges as follows.

1. Skrine had served as a New York City Correction Officer for since April 26, 2012 and was promoted to Captain on September 28, 2018.

2. On May 14, 2019 while on tour at George R. Vierno Center (“GRVC”) Skrine was assaulted by an inmate after being struck multiple times in the facial area causing Skrine to fall to the floor.

3. Skrine left the facility of her assigned tour in ambulance for medical attention and had to return to GRVC to submit a use of force report.

4. After submitting her report Skrine watched the video of the use of force and observed that the assault was avoidable and that she was inappropriately escorted by her superior Deputy Warden Payne who could be seen touching Skrine in the breast area and holding Skrine in a sexually suggestive position.

5. Skrine immediately made a complaint to the Correction Department and has since experienced retaliations from her superiors and colleagues.

6. Skrine took medical leave in August 2019 as a result of the physical injuries and psychological trauma which resulted from her assault.

7. Skrine was never able to return to work in either a full or limited capacity.

8. Skrine was the subject of home visits 3 to 4 times a week by the Correction Department.

9. Skrine was receiving physical therapy and received prescribed medications and monthly shots.

10. On August 25, 2020, Skrine had surgery related to her on the job injuries and continued therapy and recovery from the procedure at home.

11. On October 3, 2020 Skrine found a note from Corrections Department Health Management Division stating that Deputy Warden Clyde did a home visit and Skrine was not home.

12. Skrine submitted a doctor's note and video surveillance proving that she was at home.

13. Additionally Skrine informed the Corrections Department that her doctor had found her to be fully disabled and was on prescriptions medications that caused drowsiness and dizziness.

14. Despite submitting these proofs the Coorection Department found the evidence insufficient and suspended Skrine for 10 days.

15. On October 5, 2020 during Skirine Time out-of-residence (recreation hours) granted by H.M.D. in blocks of four (4) hours (1300 - 1700) she received a visit from Deputy Warden Calloway and was ordered to surrender her shield and ID because she was

being demoted with no explanation from the Correction Department or the Captains Union.

16. On or about October 14, 2020 Skrine put in a request for disability retirement through the New York City Employees Retirement System (NYCERS).

17. By letter dated October 1, 2021 the Correction Department informed Skrine of its intent to pursue Medical Separation Termination.

18. By letter dated January 6, 2022 NYCERS informed Skrine on October 14, 2020 application was approved.

19. The series of retaliatory acts from the Corrections Department and its agents was a result of the Skrine's initial EEO complaint in May 2019.

20. Based on these adverse acts Skrine filed an EEO Complaint for retaliation and received a NOTICE OF RIGHT TO SUE WITHIN 90 DAYS dated April 12, 2022.

21. Skrine brings this action under the Americans with Disabilities Act ("ADA"), 42 USC§ 12101 *et. seq.;* the Family and Medical Leave Act ("FMLA"), 29 USC§ 2601 *et. seq.;* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*

22. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of this action.

**Jurisdiction and Venue**

23. This Court has subject matter jurisdiction pursuant to 28 USC § 1331.

24. Venue is proper in this district pursuant to 28 USC 1391(b)(l), in that Defendant City of New York resides in this district.

25. Skrine timely commenced this action by filing her complaint in this Court within ninety days 90 after her receipt of a Notice of Suit Rights issued on or about April 12, 2022 by the U.S. Equal Employment Opportunity Commission.

**The Parties**

26. Skrine is a 34 year old Black female resident of the city and state of New York residing in the Borough of Queens.

27. Defendant the City of New York is the municipal entity liable for the conduct of the New York City Correction Department.

28. Defendant Payne has been the Deputy Warden of the New York City Department of Corrections since April 2014, residing upon information and belief in the City and State of New York.

29. At all times relevant hereto, Defendant Walker was the warden for the Corrections Department's Support Services Division, residing upon information and belief in the City and State of New York.

30. Defendant Calloway, was at all times relevant hereto, a Deputy Warden with the Health Management Division of the Correction Department, residing upon information and belief in the City and State of New York.

**First Cause of Action Against Defendants**
**(Adverse Employment Action)**

31. The suspension and demotion of Skrine were the result of Respondent exercising a protected right.

**WHEREFORE,** Plaintiff Jessica Maria Skrine respectfully requests judgment in her favor and against Defendant City of New York for an adverse employment action, compensatory and punitive damages in excess of $1,000,000.00, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just and proper.

Second Cause of Action Against Defendant City of New York
(ADA- Failure to Accommodate)

32. Skrine incorporates by reference the preceding paragraphs of this Complaint.

33. At all times relevant hereto, Skrine was a qualified individual with a "disability" within the meaning of the ADA, as amended as defined at 42 U.S.C. 12102(2), 29 C.F.R. § 1630.2(g), in that she had a physical or mental impai1ment that limited one or more of her major life activities, had a record of such impairment, and/or was perceived and regarded by the Correction Department as having such an impairment. Skrine was substantially limited in major life activities including caring for herself, performing manual tasks, and lifting.

34. Skrine was fully capable of performing the job of a correction officer as she had for 7 years.

35. Skrine was subject to adverse employment action, first suspension and then demotion, because of her disability.

36. The Correction Department's deliberate discrimination and harassment of Skrine including but not limited to suspending and demoting her because of her disability. Her record of disability and/or her perceived disability is unlawful discrimination and is in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et. seq. This conduct has caused Skrine to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

37. As a result of the Correction Department's violation of the ADA, Skrine has suffered and continues to suffer economic losses, mental anguish, pain and suffering and other damages. Plaintiff is also entitled to and demands an award of attorney's fees,

costs, interest and punitive damages on the grounds that the Correction Department's actions were intentional, malicious, and without justification or excuse.

**WHEREFORE,** Plaintiff Jessica Maria Skrine respectfully requests judgment in her favor and against Defendant City of New York for reinstatement to her position, compensatory and punitive damages in excess of $1,000,000.00, plus costs of this action, reimbursement of back pay

with interest, front pay, attorneys fees, and such other relief as the Court may deem just and proper.

**Third Cause of Action Against All Defendants**
**(Interference With FMLA Rights)**

38. Skirne incorporates by reference the preceding paragraphs of this Complaint.

39. The Family Medical Leave Act 29 U.S.C. § 2615(a)(2)("FMLA") makes **it** unlawful for an employer to interfere with an employee's right to take a leave of absence under the FMLA.

40. The Family Medical Leave Act 29 U.S.C. § 2615(a)(2)("FMLA") makes it unlawful for an employer to retaliate against an employee because the employee has taken or sought a leave under the FMLA.

41. Skrine was subjected to adverse action in that her employment was suspended and terminated because she took a medical leave of absence to which she was entitled under the FMLA.

42. Defendants' actions in suspending, and then terminating her, for being on medical leave of absence was intended to interfere with Skrine's right to take medical leave.

43. Defendants Payne, Walker, and Calloway, acted in the interest of their

employer the Defendant City of New York, Correction Department, with regard to the actions taken against Skrine. Defendants were each in whole or in part responsible for Skrine's suspensipon and demotion in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

44. Defendants' deliberate retaliation and interference is a violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. This conduct has caused Skrine to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff Jessica Maria Skrine respectfully requests judgment in her favor and against all Defendants, in their joint and several capacities, for compensatory and punitive damages in excess of $1,000,000.00, plus costs of this action, reimbursement of back pay with interest, front pay, double damages, attorneys fees, and such other relief as the Court may deem just and proper.

**Fourth Cause of Action Against Defendant City of New York**
**(Gender Discrimination under Title VII)**

45. Skrine incorporates by reference the preceding paragraphs of this Complaint.

46. Skrineis a Black female protected by law against employment discrimination.

47. Skrine was qualified for the position of correction officer, and was able to perform her job but for the Correction Department's unlawful actions.

48. The Correction Department's suspension and demotion based on absences from work or missed home visits that it required, constitutes disparate treatment based on her gender and her race/ethnicity

49. The Correction Department's termination of Vives was based on her gender and/or her race/ethnicity.

50. The aforesaid actions of the Correction Department constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.

51. As a result of the Correction Department's violation of Title VII, Skrine has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other compensatory damages. Plaintiff is also entitled to and demands attorney's fees, costs, interest and punitive damages on the ground that the Correction Department's actions were intentional, malicious, and without justification or excuse.

**WHEREFORE,** Plaintiff Jessica Maria Skrine respectfully requests judgment in her favor and against Defendant City of New York for reinstatement to her position, compensatory and punitive damages in excess of $1,000,000.00, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just and proper.

**Fifth Cause of Action Against Defendant City of New York**
**(Racial/Ethnic Discrimination under Title VII)**

52. Skrine incorporates by reference the preceding paragraphs of this Complaint.

53. Skrine is a Black female protected by law against employment discrimination.

54. Skrine was at all times relevant qualified for the position of Captain, and was able to perform her job but for the Correction Department’s unlawful actions.

55. The Correction Department's refusal to permit Skrine medically excused

absence under its own policies, and suspension and demotion based on absences from work constitutes disparate treatment based on her race/ethnicity and/or her gender.

56. Skrine was terminated based on her race/ethnicity and/or her gender.

57. The aforesaid actions of the Defendant City of New York constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.

58. As a result of Defendants' violation of Title VII, Skrine has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other compensatory damages. Skrine is also entitled to and demands attorney's fees, costs, interest and punitive damages, on the grounds that the Correction Department's actions were intentional, malicious, and without justification or excuse.

**WHEREFORE,** Plaintiff Jessica Maria Skrine respectfully requests judgment in her favor and against Defendant City of New York for reinstatement to her position, compensatory and punitive damages in excess of $1,000,000.00, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just and proper.

DATED: Brooklyn, New York
July 8, 2022

**Respectfully submitted,**

**JACQUELINE MCMICKENS & ASSOCIATES PLLC**

**by** /s/______________________
Frank Hosein, Jr., Esq.
Attorneys for Plaintiff
26 Court Street, Suite 1600
Brooklyn NY 11242
718-596-4877